REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

September 14, 2015

ABEL ACOSTA, CLERK

PD-0473-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/10/2015 4:18:06 PM
Accepted 9/14/2015 2:27:44 PM
ABEL ACOSTA
CLERK

**IN THE**

**TEXAS COURT OF CRIMINAL APPEALS**

ANDREW J. SERRANO,

      Petitioner,

vs.

THE STATE OF TEXAS,

      Respondent.

RECEIVED IN
COURT OF CRIMINAL APPEALS

September 14, 2015

ABEL ACOSTA, CLERK

No.PD-0473-15

**PETITIONER'S MOTION TO RECONSIDER PETITION FOR DISCRETIONARY REVIEW**

Because Petitioner's PDR was refused without explanation and if it was refused due to an issue of form he would request in the interest of justice that the Court disclose the deficiency and order corrections be made in the interest of judicial economy. We doubt that the refusal was due to form, because of the length of time before the refusal was issued, but if it was we apologize to the Court, and would have the court know that this was counsel's first attempt at an appeal or Petition for Discretionary Review. To avoid a writ of habeas corpus shortly following, due to ineffective assistance of counsel, Petitioner would appreciate the Court's indulgence by allowing us to correct and resubmit if this was the reason for refusal. Petitioner would also show the court the following significant circumstances causing a manifest injustice and failure of due process to occur, which requires relief.

The Court of Appeals reasoned erroneously and in conclusory fashion that because the breath test statute does not require contact with the subject of the test, that evidence that the breath test operator (BTO) was not in contact with the subject is no evidence that the statute was not followed. This is disingenuous, flawed and untenable reasoning. It also is the type of reasoning that the trial court used in deciding that there was not an issue of material fact regarding whether the breath test was obtained in violation of the breath testing statute requiring the BTO's presence for 15 minutes and reasonable care to insure that nothing enters the subject's mouth. At a minimum a 38.23 jury instruction should have been given to disregard the test if the statute was reasonably doubted to have been followed. The breath test should have been admitted or considered. The clear purpose of the rule requiring the breath test operator to be in the presence of the subject for 15 minutes, prior to the submission of a breath sample, is to take reasonable care that nothing, including alcohol or other substances which could interfere with the measurement of breath alcohol, enters the mouth.

By establishing on cross of the officer that the BTO did not have contact with the defendant before entering the intox room and immediately starting the video, we showed two things. First, no contact is evidence that the BTO could not have been taking reasonable care to insure that nothing entered the mouth during a full 15 minute waiting period as the statute requires. This did not occur during the first 7 minutes the state claims the BTO was in the presence of subject while making no contact. While constant eye contact is not required, presence is. Presence would allow the BTO to take reasonable care by listening (auditory contact) or seeing (visual contact) for coughing, burping, or regurgitation which could bring alcohol from the stomach into the mouth. !5 minutes is needed for any mouth alcohol to dissipate due to dilution from saliva and swallowing to insure we are measuring breath alcohol from the lungs and not alcohol in the mouth from the stomach. A person who is not looking or listening is most likely not taking reasonable care that nothing enters the mouth.  If not looking or listening, what care reasonable or otherwise could be taken while in the presence of the subject to insure burping or regurgitation does not occur and start the 15 minutes over if it does? The evidence of no contact also shows a second likelihood.

If the BTO was in the presence of the subject, then it is highly probable that a seeing, hearing BTO would have made eye contact or auditory contact with the subject if indeed taking reasonable care as discussed above. The evidence of no contact prior to the start of the 6 minute video showing subject and BTO together followed by no delay in providing a sample according to the officer and BTO testimony as well as a breath slip time stamp two minutes after the ending time on the video, creates a strong inference that the BTO was not in the presence of the subject for 15 minutes.  It is highly problematic that the state trying to prove that the BTO was in the presence of the subject for 15 minutes can only show 8 minutes of presence on video and by the test slip. It seems quite unlikely that the subject was in the presence of the BTO for 7 minutes prior to the start of the video, having no contact yet taking reasonable care that no alcohol enters his mouth from the stomach. That the BTO should, according to the rule, take reasonable care, certainly requires more than mere presence if the purpose of the 15 minute rule is to be realized. Insuring no alcohol gets into the mouth of the subject for 15 minutes is critical to obtaining a valid result. The statute was not followed if you believe the uncontroverted evidence regarding the timeline. It was uncontroverted because the BTO admitted she could not remember actually being in the presence of the subject prior to the video.

Because of the evidence that the 15 minute waiting period was not followed, the test result should not have been admitted over objection.  Petitioner's request for a 38.23 jury instruction should not have been denied.  The trial judge even conceded that there was no evidence other than the invalid breath test regarding loss of normal physical or mental faculties, therefore a breath test and result not conducted according to the law was very harmful.  Illegally obtained

evidence was considered by the jury in violation of due process dictated by the Code of Criminal Procedure 38.22 and 38.23.

The Court of Appeals published its opinion in this case rather than reconsider, correct or explain its conclusory reasoning that evidence of no contact was not evidence that the statute was not followed. That reasoning does not withstand any level of scrutiny.  Petitioner believes that the trial court and the Court of Appeals invaded the province of the jury to weigh the evidence of no contact and made an unreasonable inference that no contact is not evidence of not being in the presence of the subject where the BTO is a sighted and hearing person. Whether this motion is refused or granted the Petitioner would respectfully request an explanation as to how that reasoning could be valid. The Court of Appeals certainly did not explain that conclusion. That alone should be enough to reconsider this case, because we have a very bad precedent in a case that should have been corrected rather than published. Illogically reasoned precedents should not be allowed to stand if we are truly interested in justice. I trust that the reader of this motion is truly interested in justice enough to act to correct the Court of Appeals reasoning that was adopted from the state, which was grasping at straws for a way to overcome their failure to observe the 15 minute breath test rule, thus obtaining an invalid test result.

Please reconsider your refusal of our Petition for Discretionary Review and make any other orders for relief that you find necessary or appropriate in the interest of justice.

**RESPECTFULLY SUBMITTED**

<u>//S// Bradley Walters</u>

Bradley Walters

500 E. Harris Ave,

Pasadena, Texas 77506

Bar # 24053540

bwalters56@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2015, a copy of the foregoing Petition for Discretionary Review was served on the following by email to:

ALAN CURRY

Attorney for the State, Respondent

Harris County ADA Appellate Division,

1201 Franklin, Suite 600,

Houston, Texas 77002,

TEL. 713-755-5800,

curry_alan@dao.hctx.net

//S// Bradley Walters

24053540